Marjorie L. Hauf, Esq.
Nevada Bar No. 8111
Matthew G. Pfau, Esq.
Nevada Bar No. 11439
H&P LAW
710 South 9th Street
Las Vegas, NV 89101
702 598 4529 TEL
702 598 3626 FAX
e-file@courtroomproven.com

Ryan Skiver, Esq.
Arizona Bar No. 024552 (*pro hac vice*)
The Skiver Law Firm
3943 E. Whitton Ave.
Phoenix, Arizona 85018
480 626 1667 TEL
480 482 7285 FAX
rskiver@skiverlawfirm.com

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| **Donna Rodriguez,** individually and as Special Administrator of the **Estate of Jessica Martinez**,<br><br>    Plaintiff,<br>vs.<br><br>**CARA CHAMBERLAIN dba R&R HAULERS,** a Nevada Sole Proprietorship; and **ROBERT JAMES ITTER;** and DOES I-XX, inclusive,<br><br>    Defendants. | Case No.: 2:23-cv-01526-MMD-BNW<br><br>**Stipulated Discovery Plan and Scheduling Order Submitted in Compliance with LR 26-1(b)**<br><br>**Special Scheduling Review Requested** |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1(b), Plaintiff, Donna Rodriguez, and Defendants, Cara Chamberlain d/b/a R&R Haulers and Robert James Itter, by and through their undersigned counsel, hereby submit this proposed Discovery Plan and Scheduling Order. Deadlines that fall on a Saturday, Sunday, or legal holiday have been scheduled for the

preceding or next judicial day.

The Complaint in this matter was filed in the Eighth Judicial District Court, Clark County, Nevada, designated as Case No.: A-23-875896-C on August 14, 2023. Defendants were served on August 30, 2023.  On September 27, 2023, Defendants filed a Petition for Removal to Federal Court [ECF Doc 1]. On September 27, Defendants also filed their Motion to Dismiss for Lack of Jurisdiction [ECF Doc. 3]. On October 4, 2023, Defendants filed their Statement Regarding Removed Action [ECF Doc. 7].  On October 11, 2023, Plaintiff filed her Motion to Remand [ECF Doc. 10] and Opposition to Defendants' Motion to Dismiss [ECF Doc. 11]. On October 18, 2023, Defendants filed their Reply in Support to their Motion to Dismiss [ECF No. 13] and their Opposition to Plaintiff's Motion to Remand [ECF No. 14]. On October 25, 2023, Plaintiff filed her Reply in Support to her Motion to Remand [ECF Doc.16]. These Motions are still pending decisions. A Joint Status Report is due on December 14, 2023.

**Meeting:** Counsel for the parties met and conferred as required by Fed. R. Civ. P. 26(f) on December 12, 2023, and discussed the following:

1. **Initial Disclosures:** Pursuant to FRCP Rule 26(a)(1), the parties are required to make their initial disclosures on or before December 29, 2023.

2. **Areas of Discovery:** The Parties agree that each party may conduct discovery as allowed under the Federal Rules of Civil Procedure.

3. **Discovery Cut-off Dates**: LR-26(1)(E)(1) provides that "unless otherwise ordered, discovery periods longer than one hundred eighty (180) days from the date the first defendant answers or appears will require special scheduling review."

   a. **Discovery Cut-Off Date**: Given the complexity of the claims asserted, the outstanding motions, the injuries claimed by the Plaintiff, the number of documents likely to be produced, and the need for experts who will need to perform a detailed review of said

documents, the parties respectfully request a 270-day discovery period, from the order on the outstanding motions, from September 27, 2023, the day Defendants filed their first responsive filing. The stipulated discovery cut-off date is therefore June 24, 2024.

b. **Amending the Pleadings and Adding Parties**: The last date for filing motions to amend the pleading or to add parties shall not be later than 90 days prior to the close of discovery. In this action, the last date for filing motions to amend the pleadings or add parties shall be March 24, 2024.

c. **FRCP 26(A)(2) Disclosures (Experts)**: The last date for disclosure of expert witnesses shall be 60 days before the discovery cut-off date. In this action, the last date for disclosure of experts shall be April 25, 2024. Rebuttal expert witnesses shall be disclosed on or before May 25, 2024.

d. **Dispositive Motions**: The last date for filing dispositive motions shall not be later than 30 days after the discovery cut-off date. In this action, the last date for filing dispositive motions will be July 24, 2024.

e. **Pretrial Order**: The joint pretrial order shall be filed no later than 30 days after the date set for filing dispositive motions. In this action, dispositive motions shall be filed on or before August 23, 2024. In the event that dispositive motions are filed, the joint pretrial order shall be filed no later than 30 days after the order(s) on the dispositive motions are entered.

f. **Court Conferences:** If the Court has questions regarding the dates proposed by the parties, the parties request a conference with the Court before entry of the Scheduling Order. If the Court does not have questions, the parties do not request a conference with the Court.

g. **Extensions or Modifications of the Discovery Plan and Scheduling Order:** LR 26-3 governs the modifications or extensions of this Discovery Plan and Scheduling Order. Any stipulation or motion must be made no later than 21 days before the discovery deadline sought to be extended.

h. **FRCP 26(a)(3) Disclosures**: The disclosures required by FRCP 26(a)(3) and any objections thereto shall be included in the pretrial order.

i. **Alternative Dispute Resolution:** The Parties hereby certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation and arbitration.

j. **Alternative Forms of Case Disposition:** The Parties hereby certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, use of the Short Trial Program (General Order 2013-01).

k. **Format of Discovery**: Pursuant to the electronic discovery amendments to the Federal Rules of Civil Procedure effective December 1, 2006, the parties addressed the e-discovery issues pertaining to the format of discovery at the Rule 26(f) conference. The parties do not anticipate discovery of native files or metadata at this time, but each party reserves the right to make a showing for the need of such electronic data as discovery progresses. In addition, and in order to save the costs of printing and mailing documents, the parties agree to exchange discovery documents, including but not limited to FRCP 26 disclosures, discovery requests, responses, document production, and expert disclosures, via electronic mail. If a discovery document is too large to send via email, the parties may send such documents via a file-sharing service (DropBox, OneDrive etc.) or on a CD/DVD/thumb drive via US Mail.

I. **FRCP 26-1(b)(9) – Presentation of Electronic Evidence for Jurors**: Pursuant to Local Rule 26-1, the parties discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberation. As the electronic presentation of evidence for jurors is likely at this time, the parties will coordinate with the courtroom administrator for instructions about how to prepare evidence in an electronic format and other requirements for the Court's electronic jury evidence display system and, if possible, provide discovery in an electronic format compatible with the Court's electronic jury evidence display system.

Dated this 2nd day of January 2024.

DENNETT WINSPEAR, LLP

*/s/ Brent D. Quist*
Ryan L. Dennett, Esq.
Nevada Bar No. 5617
Brent D. Quist, Esq.
Nevada Bar No. 9157

Attorney for Defendants

Dated this 2nd day of January 2024.

H&P LAW

*/s/ Marjorie Hauf*
Marjorie Hauf, Esq.
Nevada Bar No. 8111
Matthew G. Pfau, Esq.
Nevada Bar No. 11439

Attorneys for Plaintiff

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 1/4/2024