UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DONNA RODRIGUEZ,<br><br>          Plaintiff,<br>     v.<br><br>CARA CHAMBERLAIN, *et al.*,<br><br>          Defendant. | Case No. 2:23-cv-01526-MMD-BNW<br><br>ORDER |

**I.    SUMMARY**

Plaintiff Donna Rodriguez filed a motion to remand ("Motion"), contending that removal is improper under 28 U.S.C. § 1441(b)(2) because Defendants Cara Chamberlain, doing business as R&R Haulers ("R&R"), and Robert Itter are citizens of Nevada—the state forum in which the action was brought.[1] (ECF No. 10.) In the Motion, Plaintiff further opposes Defendants' motion to dismiss for lack of jurisdiction or to transfer venue to the District of Arizona (ECF No. 3). (*Id.*) Because removal violates the forum defendant rule, the Court grants Plaintiff's Motion. And because the Court is without jurisdiction to hear the case, it further denies Defendants' motion to dismiss or transfer venue (ECF No. 3) as moot.

**II.   BACKGROUND**

On August 14, 2023, Plaintiff Donna Rodriguez, the Special Administrator of the estate of her daughter Jessica Martinez, filed her complaint in the Eighth Judicial District Court of Clark County, Nevada. (ECF No. 1-1 ("Complaint").) Rodriguez brings claims against Cara Chamberlain, doing business as R&R Haulers, and employee truck driver Robert Itter for negligence leading to her daughter's death after an R&R commercial truck—operated by Itter—struck Martinez's car in Arizona on October 13, 2021. (*Id.*)

---

[1]Defendants filed a response (ECF No. 14) and Plaintiff replied (ECF No. 16).

Rodriguez alleges that R&R negligently hired, trained and supervised Itter and failed to adequately maintain its commercial vehicle—all or partially in the state of Nevada. (*Id.* at 2-4, 7-15.) She further alleges that Itter failed to inspect the truck and operated the vehicle negligently when he hit Martinez's car. (*Id.* at 5-7, 17-20.)

The parties do not dispute state citizenship. Plaintiff is a citizen of California. (ECF Nos. 1 at 2, 10 at 4-5.) R&R operates as a sole proprietorship owned by Cara Chamberlain with its principal place of business in Clark County, Nevada. (*Id.*) Robert Itter is also a citizen of Nevada and is married to Chamberlain. (*Id.* at 2-3.)

On September 27, 2023, Defendants removed this action on the basis of diversity jurisdiction. (ECF No. 1.) The same day, Defendants filed a motion to dismiss for lack of jurisdiction or, in the alternative, to transfer venue to the United States District Court for the District of Arizona. (ECF No. 3.) Plaintiff moved to remand. (ECF No. 10.)

**III.    DISCUSSION**

Plaintiff argues that removal violates the forum defendant rule set out in 28 U.S.C. § 1441(b)(2) because Defendants are citizens of Nevada—the state in which Plaintiff filed the action. (ECF No. 10 at 4.) Defendants do not address or cite Section 1441(b) in their response to the Motion, instead reiterating their alternative request (ECF No. 3) to transfer venue under 28 U.S.C. § 1404 to Arizona, where the truck accident occurred, and arguing that the Court can and should transfer the action without ruling on the motion to remand. (ECF No. 14 at 3-10.) The Court agrees with Plaintiff and rules on the motion to remand, declining to first transfer venue.

The party asserting federal subject matter jurisdiction based on diversity of citizenship must show (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a). In addition to these broad requirements, 28 U.S.C. § 1441(b)(2)'s forum defendant rule further limits removal based on diversity: "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the [s]tate in which

such action is brought." 28 U.S.C. § 1441(b)(2). Because the need to protect out-of-state defendants from prejudice in state court is absent when a defendant is litigating in their home state, Section 1441(b) "confines removal . . . to instances where no defendant is a citizen of the forum state." *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006). *See also Deutsche Bank Nat'l Tr. Co. v. Old Republic Title Ins. Grp., Inc.*, 532 F. Supp. 3d 1004, 1017 (D. Nev. 2021).

The Ninth Circuit has recognized that the forum defendant rule is procedural rather than jurisdictional. *See Lively*, 456 F.3d at 936. While a court may not *sua sponte* remand for a violation of Section 1441(b), a plaintiff may "either move to remand the case to state court within the 30-day time limit [for contesting a procedural violation of the removal statute], or allow the case to remain in federal court by doing nothing." *Id.* at 940. *See* 28 U.S.C. § 1441(c) (requiring that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal"). This "allows the plaintiff to regain some control over forum selection." *Lively*, 456 F.3d at 940. Although the forum defendant rule is procedural, violation of the rule is one of the "more substantive removal defects." *Id.* at 939.

Here, the Court agrees with Plaintiff that removal is a straightforward violation of the Section 1441(b) forum defendant rule. The parties do not dispute that Plaintiff is a citizen of California and Defendants R&R and Itter are citizens of Nevada, where Plaintiff filed the instant action. (ECF Nos. 1 at 2, 10 at 4-5.) Defendants emphasize their Nevada citizenship in both their petition for removal and their motion to dismiss, but notably fail to address Section 1441(b) in their response to Plaintiff's Motion. (ECF Nos. 1 at 2, 3 at 2, 14.) As citizens of the forum in which the action was brought, R&R and Itter need not avail themselves of federal court in order to avoid the prejudice an out-of-state defendant might face in Nevada state court. *See Deutsche Bank Nat'l Tr. Co.*, 532 F. Supp. 3d at 1017. There is also no dispute that Plaintiff filed her motion to remand within 30 days of the notice of removal. *See* 28 U.S.C. § 1441(c). Accordingly, the Court grants Plaintiff's motion to remand.

In ruling on the Motion, the Court also notes that Defendants' primary argument against remand—that the Court can and should instead grant Defendants' alternative relief request to transfer the action to Arizona federal court—is unpersuasive. (ECF No. 14 at 3-10). Even assuming that in some circumstances a court may find reason to transfer venue while leaving unresolved the issue of removal jurisdiction, *see Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007), this case does not present such circumstances.[2] Where there is no "arduous inquiry" as to the appropriateness of federal jurisdiction, both judicial economy and concerns for Plaintiff's choice of forum "impel the federal court to dispose of [those] issue[s] first." *Id.* at 436 (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587-88 (1999)).

Here, the inquiry is procedural rather than jurisdictional. *See Lively*, 456 F.3d at 936. Defendants have presented no reason to believe a federal court in Arizona will not, like this Court, find a procedural violation of the forum defendant rule that necessitates remand before reaching examination of venue. *See* 28 U.S.C. § 1404 (requiring that the district to which defendants seek to have the action transferred is one "where it might have been brought"). Given that there is both a strong presumption against removal jurisdiction and a strong presumption in favor of a plaintiff's choice of forum, remand is appropriate. *See California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004); *Headrick v. Atchison, T. & S.F. Ry. Co.*, 182 F.2d 305, 310 (10th Cir. 1950). *See also Operation: Heroes, Ltd. v. Procter & Gamble Prods., Inc.*, 903 F. Supp. 2d 1106, 1115 (D. Nev. 2012) (noting that transfer of venue is inappropriate when it simply shifts the inconvenience to the party resisting transfer).

///

---

[2] In *Sinochem*, which Defendants cite extensively, the Supreme Court considered a complex set of jurisdictional questions involving international forums and determined that federal courts have "leeway" to choose among thresholds for denying audience to a case on the merits. *See id.* at 422-23. But the *Sinochem* Court noted that in the vast majority of simpler cases, if "a court can readily determine that it lacks jurisdiction over the cause or the defendant, the proper course would be to dismiss on that ground." *Id.* at 425.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's motion for remand (ECF No. 10) is granted.

It is further ordered that Defendants' motion to dismiss or transfer venue (ECF No. 3) is denied as moot.

It is further ordered that this case is remanded and the Clerk of Court is directed to close the case.

DATED THIS 8th Day of January 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE